KUSKIN, J.T.C.
Plaintiff has appealed an added assessment imposed pursuant to N.J.S.A. 54:4-63.3 for nine months (April through December) of 1997 with respect to an improvement to a commercial building located on property in the Town of Phillipsburg, designated as Block 911, Lot 7 on the Town Tax Map. Construction of the improvement was completed on March 21, 1997. The added assessment was in the full amount of $488,800, and an allocated amount of $366,600 for the nine month period. Plaintiff does not dispute the amount of the assessment, but contends that the assessment was improper because the improvement qualified for exemption, commencing April 1, 1997, under the Five-Year Exemption and Abatement Law, N.J.S.A. 40A:21-1 to -21- (the “Five-Year Law”), and under the municipal ordinance adopted pursuant to the Five-Year Law. Defendant acknowledges that the improvement qualified for exemption under the Five-Year Law, but contends that, as a matter of law, such exemption could not commence until January 1, 1998. Accordingly, defendant seeks summary judgment dismissing the appeal. Plaintiff cross-moves for summary judgment based on its interpretation of the commencement date of the five-year exemption.
*73 On October 1, 1996, Phillipsburg adopted Ordinance No. 0:96— 23 (the “Ordinance”) pursuant to the Five-Year Law. The Ordinance recites that, on November 1, 1994, the Town was declared an Urban Enterprise Zone, and that the Urban Enterprise Zone constitutes an “area in need of rehabilitation” as defined in N.J.S.A. 40A:21-3(b). The Ordinance further provides, in relevant part, as follows:
1. The exemption or abatement of property taxes for a five year term commencing with the completion of an improvement or construction of a commercial or industrial structure shall be available to property owners in the Phillipsburg Urban Enterprise Zone.
2. Improvements to existing structures shall be exempt from assessment for a period five years following completion of the improvement.
3. New construction of a commercial or industrial structure or additions to existing industrial or commercial structures wi, - . expand said building or structure by more than 30% shall be entitled to apply to the Town Council for abatement of property taxes for a five year period commencing with completion of the project.
5. All tax abatement and exemption agreements shall be for no more than five (5) years following completion of the project.
The Ordinance requires that all exemptions be authorized by the governing body, and that an agreement be signed setting forth the terms and conditions of the exemption, including a requirement for payments in lieu of taxes. Paragraph 3(c) of the Ordinance permits a phase-in of such payments and provides, in subparagraph (1), that no payment will be due “[i]n the first full year after project completion.”
Phillipsburg denied plaintiffs application for exemption for the tax year 1997, but granted the exemption effective January 1,1998 for a five-year period commencing on that date. Pursuant to N.J.S.A. 54:4-63.1 to -63.30, the Phillipsburg Assessor imposed the added assessment in dispute. Plaintiff filed a timely appeal with the Warren County Board of Taxation, which affirmed the added assessment. This appeal to the Tax Court followed.
Plaintiff contends that the five-year exemption should have commenced as of May 1, 1997 and continued for five years thereafter, terminating on April 30, 2002. This reference to May 1, 1997 appears to be in error, given the undisputed completion *74 date of the improvement. For purposes of this opinion, I will assume that plaintiff intended to refer to an April 1, 1997 commencement date, and a March 31, 2002 termination date, for the exemption.
Plaintiff asserts that the language of the Ordinance, stating that the exemption will commence upon completion of the improvement, is consistent with N.J.S.A. 40A21-7. This statute provides, in relevant part, as follows:
If the ordinance adopted pursuant to this act shall provide for the exemption from taxation of improvements to commercial or industrial structures, it shall require that, in determining the value of real property, the municipality shall regard up to the assessor’s full and true value of the improvements as not increasing the value of the property for a period of five years, notwithstanding that the value of the property to which the improvements are made is increased thereby. During the exemption period, the assessment on the property shall not be less than the assessment thereon existing immediately prior to the improvements, unless there is damage to the structure through action of the elements sufficient to warrant a reduction.
Plaintiff emphasizes the phrases “not increasing the value of the property for a period of five years” and “immediately prior to the improvements” appearing in the statute as demonstrating consistency with the Ordinance. Plaintiff relies on the same phrases in support of its contention that N.J.S.A. 40A:21-7 is “essentially the same” as its predecessor statute, N.J.S.A. 54:4-3.98, which provided that improvements in areas in need of rehabilitation would not increase the value of the improved property “for a period of 5 years after ... completion [of the improvements].” Finally, plaintiff argues that permitting assessment of an improvement during the period between completion of construction and commencement of the next full tax year: (a) would be contrary to the policy behind the Five-Year Law, (b) would undermine the purpose of the exemption, and (c) would disrupt the reasonable rental expectations of landlords and tenants who have signed leases for space in the improvement.
Defendant asserts that the Five-Year Law neither provides for, nor contemplates the granting of, an exemption other than for full tax years, and, therefore, contends that imposition of an added *75 assessment for nine months of 1997 was entirely consistent with, and permitted by, the Law.
The Five-Year Law and its predecessor statutes, N.J.S.A. 54:4-3.95 to -3.112 (all of which were repealed in connection with the enactment of the Five-Year Law), were enacted pursuant to authority granted by N.J. Const, art. VIII, § 1, H 6. This provision authorizes the Legislature to enact general laws granting exemptions or abatements from taxation “on buildings and structures in areas declared in need of rehabilitation,” with the duration of the exemption to “be for limited periods of time as specified by law, but not in excess of five years.” N.J.S.A. 40A:21-2, in setting forth the legislative findings with respect to the Five-Year Law, specifically refers to such constitutional provision, notes the effectiveness of the predecessor five-year exemption statutes “in promoting the construction and rehabilitation of residential and commercial and industrial structures in areas threatened with economic and social decline,” and defines the purpose of the Five-Year Law as to “permit municipalities the greatest flexibility possible within the constitutional limitations to address problems of deterioration and decay while preserving the salient features of the existing tax exemption and abatement programs.” N.J.S.A. 40A:21-2, in effect, adopts the statutory purposes contained in N.J.S.A. 54:4-8.95, which included the following:
e. The construction and rehabilitation of commercial and industrial buildings and structures m this state to increase opportunities for employment, and ultimately to broaden state and local tax bases, is in the public interest.
f. The availability of property tax exemptions and abatements can help induce the construction and rehabilitation of industrial and commercial facilities in areas threatened with economic and social decline.
The provision of the Five-Year Law stating the duration of the five-year period for which the exemption or abatement is applicable is N.J.S.A. 40A:21-ll(a), which provides as follow's:
All tax agreements entered into by municipalities pursuant to Sections 9 through 12 of P.L.1991, c. 441 shall be in effect for no more than the five full tax years next following- the date of completion of the project.
This statute differs from its specific predecessor, N.J.S.A. 54:4-3.102, which provided that abatement (and exemption) agreements *76 “shall be in effect for a period of 5 years starting with the date of completion of the project.” N.J.S.A. 54:4-3.101(c), however, which permitted the phase-in of payments in lieu of taxes, provided that no payment would be due during “the first full calendar year after completion.” N.J.S.A. 54:4 — 3.101(c)(1). The Five-Year Law eliminated the language discrepancy between N.J.S.A. 54:4-3.102 and N.J.S.A. 54:4-3.101(c)(l).
Other provisions of the Five-Year Law are consistent with the “five full tax years” concept set forth in N.J.S.A. 40A:21-ll(a). For example, N.J.S.A. 40A:21-10(c) (which is the successor to N.J.S.A. 54:4-3.101(c)) permits the municipality to require a phase-in of payments in lieu of taxes, with no such payment to be due during “the first full tax year after completion.... ” N.J.S.A. 40A-21-10(c)(1). Similarly, N.J.S.A. 40A:21-13 provides:
The assessor shall determine, on October 1 of the year following the date of the completion of an improvement, conversion or construction, the true taxable value thereof. Except for projects subject to tax agreement, pursuant to sections 9 through 12 of P.L.1991, c. 441, the amount of tax to be paid for the first full tax year following completion shall be based on the assessed valuation of the property for the previous year, minus the amount of the abatement, if any, allowed pursuant to this act, plus any portion of the assessed valuation of the improvement, conversion or construction not allowed an exemption pursuant to this act. Subject to the provisions of the adopting ordinance, the property shall continue to be treated in the appropriate manner for each of the five full tax yeárs subsequent to the original determination by the assessor.
Defendant asserts that the five full years to which the Five-Year Law expressly refers commenced, under the subject facts, on January 1,1998. Defendant further asserts that, in the absence of a statutory provision requiring or authorizing exemption or abatement between the date of completion of the improvement and the commencement of the first full tax year after the date of completion, the exemption or abatement is inapplicable during that time period, and the improvement is fully taxable. Defendant contends that its interpretation of the Five-Year Law is consistent with the principle that qualification for tax exemption or abatement during a tax year will not result in a change of assessment for that tax year. See City of Asbury Park v. Castagno Tires, 13 N.J.Tax 488 (Tax 1993) which states: “As a general rule, absent an appeal, the taxable status of property is fixed as of October 1 of the pretax *77 year; subsequent conversion to an exempt use does not render the property exempt for that year.” Id. at 496 (citations omitted).
The portions of the Phillipsburg Ordinance which provide for the exemption to commence upon completion of the improvement are consistent with the repealed provisions of N.J.S.A. 54:4-8.102, but in conflict with the express provisions of N.J.S.A. 40A:21-ll(a) and with the other provisions of the Five-Year Law discussed above, all of which provide for an exemption during the five full tax years next following the date of completion of the improvement.
[A] municipality may not contradict a policy of the Legislature, either by permitting what a state statute forbids or by forbidding w'hat a state statute permits. If a municipal ordinance conflicts with state law, either because of conflicting policies or operational effect, state law preempts the municipal ordinance.
[City of Asbury Park v. Castagno Tires, supra, 13 N.J.Tax at 504 (citations omitted).]
The conflict between the Ordinance and the Five-Year Law must be resolved in accordance with the provisions of the Five-Year Law. A “tax year” is a calendar year. N.J.S.A. 1:1-2 (defining the term “year” as used in any statute as “a calendar year”). Consequently the exemption under the Five-Year Law commences on January 1 next following completion of the improvement. The commencement date applicable to the exemption for the improvement on plaintiffs property is, therefore, January 1, 1998.
My analysis of the commencement date of the exemption under the Five-Year Law is consistent with City of Asbury Park v. Castagno Tires, supra. The improvement at issue in that case was completed on June 30, 1990. After interpreting the predecessor statutes to the Five-Year Law as providing that, where the phase-in provisions of N.J.S.A. 54:4-101(c) were applicable, an abatement or exemption commenced with the first full calendar year after completion of the improvement, Judge Hamill stated: “Taxpayer’s addition was completed during 1990, and thus the first year of the tax abatement, assuming a timely application, would have been the 1991 calendar year. The tax year 1990 was not eligible for an abatement.” Id. at 496-97.
*78 Having rejected plaintiffs contention that the exemption period under the Five-Year Law commences with the first day of the month next following completion of the improvement, and having concluded that the five-year period commences on January 1 next following completion, I must now determine whether an added assessment may be imposed for the time period between completion of the improvement and the beginning of the next full tax year. I conclude that such an assessment is proper. As set forth above, the improvement at issue in this matter was completed on March 21, 1997, but did not qualify for exemption until January 1, 1998. Consequently, during the period April 1, 1997 through December 81, 1997, the improvement was subject to taxation in accordance with the normal local property tax procedures otherwise applicable to property. Those procedures include the imposition of an added assessment.
The New Jersey Constitution and the Five-Year Law mandate the foregoing conclusion. As discussed above, N.J. Const, art. VIII, § 1, ¶ 6 establishes a five-year limit on the exemption, and the Five-Year Law defines the five-year period as five full tax (calendar) years. Precluding assessment of the improvement for the time period between its completion and the commencement of the next full tax year would be, in effect, to extend the exemption period for more than five years in violation of both the Constitution and the Five-Year Law.
I recognize that, in City of Newark v. Essex County Bd. of Taxation, 309 N.J.Super. 476, 707 A.2d 493 (App.Div.1998), the Appellate Division sanctioned, as constitutional, a statute, L.1991, c. 469, § 1 (“Chapter 469”), which provides that, between the expiration of the five-year abatement period under the Five-Year Law, and the next revaluation in a municipality, taxes on residential properties which had enjoyed the abatement are payable on a reduced basis. Arguably, this statute extended the five-year abatement period in violation of the constitutional time limitation. The Appellate Division did not view the statute in these terms. The court noted that, in enacting Chapter 469, “the Legislature knew and understood the limits of the Constitution ...,” and the *79 court characterized the statute “not as an abatement but as an equalization scheme to assure that the five year abatement program was successful in encouraging rebuilding.” Id, at 491-92, 707 A.2d 493.
The purpose of the Five-Year Law, to encourage property rehabilitation and redevelopment, would be served by prohibiting an added assessment allocable to the period between completion of an improvement and the January 1 on which the improvement will qualify for exemption under the Five-Year Law. Technically, such a prohibition would not be an exemption, and, therefore, could be described as something other than an extension of the five-year exemption period. I conclude, however, that interpreting the Five-Year Law to prohibit “interim” added assessments would be an inappropriate expansion of the holding in City of Newark v. Essex County Bd. of Taxation, supra. The Legislature did not expressly authorize extension of the Five-Year Law exemption to the interval between completion of an improvement and the next January 1, and such an extension would in no sense constitute an “equalization scheme” similar to that contained in Chapter 469.
As noted above, plaintiff argues that permitting assessment of the improvement for the interim period before commencement of the full tax year after completion would disrupt the reasonable rental expectations of the property owner and the tenants occupying the improvement. Plaintiff asserts that rental rates would be determined on the assumption that an exemption under the Five-Year Law would be in effect, and that landlords would have no mechanism to collect or recover the tax obligations resulting from an added assessment. Plaintiffs argument ignores N.J.S.A. 40A:21-16, which provides that every application for exemption or abatement under the Five-Year Law “shall be filed with the assessor within 30 days, including Saturdays and Sundays, following the completion of the improvement, conversion[ ] alteration or construction.” This permission for a post-completion date application reflects a legislative recognition that, under the Five-Year Law’, an improvement would not necessarily qualify for exemption or abatement immediately upon its completion. After an applica *80 tion is filed, several months could elapse before approval is obtained from the municipality and the necessary agreement completed.
A property owner constructing an improvement which may qualify for exemption under the Five-Year Law can include provisions in leases obligating tenants to make tax contributions for the period before the exemption commences or adjusting the rent once the exemption is in effect. As discussed above, N.J.S.A. 40A:21-10(c) permits a phase-in of payments in lieu of taxes. Presumably, a landlord would include, in leases for space in an improvement subject to such phase-in obligations, provisions for tenant contributions or rent adjustments to cover the increasing payment obligations under the phase-in. In addition, leases for any budding qualifying for exemption under the Five-Year Law would undoubtedly include provisions with respect to property tax obligations commencing upon expiration of the five-year exemption. Provisions covering property tax obligations during the interim period between completion and commencement of the next full tax year are similar to these other adjustment provisions. As a result, an interim tax obligation does not necessitate the inclusion of dramatically new concepts in any lease negotiations.
Under the preceding interpretation of the Five-Year Law, the property owner receives the benefit of five full years of exemption. The deferral of the commencement of the exemption until January 1 following completion of the improvement does not deprive the property owner of any of the tax benefits authorized or contemplated by the Constitution, the Five-Year Law, or the Ordinance. Such deferral may, however, cause inconvenience. Furthermore, imposition of an added assessment for the period between completion of the improvement and the following January 1 does not facilitate the construction of improvements and rehabilitation of buildings which the Five-Year Law and its predecessor statutes were designed to encourage. At the very least, exposure to such an assessment may cause a property owner to delay completion of an improvement or rehabilitation work until December. For the reasons discussed above, however, such an added assessment does *81 not violate the Five-Year Law. Accordingly, I grant defendant’s motion for summary judgment and deny plaintiffs cross-motion for summary judgment.